UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AREYONA J. FAVORS,<br><br>                         Plaintiff,<br><br>         -against-<br><br>C.O. M. JEAN BAPTISTE; C.O. RIOS; SGT.<br>STERLINGBYRD; C.O. JONES,<br><br>                       Defendants. | 26-CV-1303 (JGLC)<br><br>ORDER OF SERVICE |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who currently is incarcerated at Bedford Hills Correctional Facility, brings this action *pro se*, under 42 U.S.C. § 1983, alleging that officers of the New York State Department of Corrections and Community Supervision (DOCCS) used excessive force against her, in violation of her rights under the Eighth Amendment. By order dated February 24, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

The Court directs service on Defendants and their compliance with Local Civil Rule 33.2.

**DISCUSSION**

**A.     Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants C.O. M. Jean Baptiste, C.O. Rios, Sgt. Sterlingbyrd, and C.O. Jones through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 forms with the addresses for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court also directs Defendants to comply with Local Civil Rule 33.2 within 120 days of service of the complaint.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:     February 26, 2026
           White Plains, New York

_____
                Jessica G. L. Clarke
           United States District Judge

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

3

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.  C.O. M. Jean Baptiste
    Bedford Hills Correctional Facility
    247 Harris Road
    Bedford Hills, New York 10507

2.  C.O. Rios
    Bedford Hills Correctional Facility
    247 Harris Road
    Bedford Hills, New York 10507

3.  Sgt. Sterlingbyrd
    Bedford Hills Correctional Facility
    247 Harris Road
    Bedford Hills, New York 10507

4.  C.O. Jones
    Bedford Hills Correctional Facility
    247 Harris Road
    Bedford Hills, New York 10507